· AMOS C. BARSTOW *vs.* CHARLES L. THOMAS *et al.*

PROVIDENCE—JUNE 3, 1898.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

A. devised his homestead estate to his wife for life " free from all taxes, assessments, and any and all expenses for repairs, insurance, or otherwise," and also bequeathed to her a life annuity. By the residuary clause the remainder of his estate was given to trustees to pay the annuity and all taxes, assessments, and expenses for repairs and insurance on the homestead estate, with directions at the end of three years from the decease of the testator to divide the residue and distribute it to his children, subject to the payment of the annuity. The annuitant survived the expiration of the three years :—

*Held,* that it was the intention of the testator that his widow should not only receive the annuity, but should occupy the homestead estate during her life, without being required to pay taxes, assessments, repairs, insurance, and otherwise, notwithstanding the omission to provide for the continued payment thereof in connection with the provision for the continued payment of the annuity.

*Held,* further, that the trustees should retain so much of the residuary estate as is necessary to pay the annuity and expenses stated, dividing the remainder as directed in the will, and, at the death of the widow, to make a like distribution of the amount so retained.

BILL IN EQUITY for construction of certain provisions of a will and for instructions thereunder.

MATTESON, C. J.   This is a bill for instructions.   Its purpose is to obtain a construction of the residuary clause of the will of Amos C. Barstow, late of Providence, deceased.

By the second clause of the will the testator gives, devises, and bequeaths to his widow, Emeline M. Barstow, for and during her natural life, the use, occupation, rents, profits,

and income of his homestead estate on Jackson street, in Providence, "free from all taxes, assessments, and any and all expenses for repairs, insurance or otherwise."

By the fourth clause he gives and bequeaths to his widow an annuity of $3,000, to be paid to her in equal quarterly payments, the first to be made in three months after his decease, and the others in each and every three months thereafter, in each and every year during her natural life.

By the residuary clause he gives, bequeaths, and devises all the rest, residue, and remainder of his estate in trust, and directs the trustees to take possession of and to stand possessed thereof during the continuance of the trusts, and to pay therefrom the annuity to his widow and all taxes, assessments, and expenses for repairs and insurance on the homestead estate, and provides that when the period of three years next after his decease has expired, that the trusts as to the residue and remainder of the estate shall cease, and the trustees or trustee for the time being shall stand seized and possessed of all said trust estate, "in trust, to pay over, transfer and convey the same, subject to the payment of the annuity aforesaid given to my said wife, as follows, viz.: One sixth part to each of my children, namely,   .   .   .   . for the sole use of them respectively and their respective heirs, executors, administrators and assigns."

The bill sets forth that Emeline M. Barstow, the widow of the testator, is still living, and occupies the homestead estate referred to, and that the period of three years next after the decease of the testator expired September 5, 1897.

We think the intent of the testator that his widow should not only receive the annuity but should occupy the homestead during her life without being required to pay taxes, assessments for repairs, insurance, or otherwise, is sufficiently manifest to be controlling, notwithstanding the omission to provide for the continued payment of the taxes, &c., in connection with the clause "subject to the payment of the annuity aforesaid given to my said wife." A similar question was considered by the court in *Fisher, Petitioner*, 19 R. I. 53, in which we held that so much of the testator's personal

estate as was necessary to pay for taxes and repairs on property given to the widow for life should remain undivided in the administrator's hands and be held by him for such payment, notwithstanding the fact that the will provided for a distribution of the personal estate upon an event which occurred before the death of the widow. The cases cited by counsel for the respondents George E. Barstow, Clara D. Barstow, and Stephen O. Edwards, assignee, amply sustain the setting apart of a fund sufficient for the payment of an annuity and the distribution of the residue of the estate among the residuary legatees, leaving the estate set apart to be the subject of another distribution when the annuity has ceased. *Slanning* v. *Style*, 3 P. Wm. 334; *Fryer* v. *Buttar*, 8 Sim. 442; *Healy* v. *Toppan*, 45 N. H. 243; *Treadwell* v. *Cordis*, 5 Gray, 341; *Cummings* v. *Cummings*, 146 Mass. 501; *Harbin* v. *Masterman*, 1 Ch. Div. (1896) 351. Our opinion is, therefore, that so much of the trust estate as may be required to pay the annuity to the widow, and the taxes, assessments, and expenses for repairs, insurance and the like on the homestead estate during the life of the widow should be retained by the complainant in trust for such payment, and that the residue of the estate should be divided among the children of the testator as directed by the will, the share which would have gone to George E. Barstow but for his assignment to Stephen O. Edwards being paid to the latter as his assignee, and that the amount retained by the complainant for the payment of the annuity and the taxes, assessments, and expenses mentioned should be distributed in the same manner on the death of the widow.

*Arnold Greene*, for complainant.

*Stephen O. Edwards, Walter F. Angell, Seeber Edwards, Stephen A. Cooke, Louis L. Angell and Albert Gerald*, for respondents.